# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

No. 13-3712

CENTRAL OHIO COAL COMPANY,

Petitioner,

v.

LARRY T. STERLING,

Respondent,

And

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondent

---

On Petition for Review of an Order of the Benefits Review Board,
United States Department of Labor

---

BRIEF OF RESPONDENT,
LARRY T. STERLING

---

Heath M. Long, Esquire
Pawlowski, Bilonick & Long
603 North Julian Street
PO Box 658
Ebensburg, PA 15931-0658
(814) 472-7046
Counsel for Respondent

## TABLE OF CONTENTS

I. Jurisdictional Statement ..................................................................... 1

II. Statement of the Issues ..................................................................... 2

III. Summary of Argument ..................................................................... 3

IV. Argument ........................................................................................ 4

1. Whether evidence provided that Claimant worked for 23 years in a dusty above ground working conditions was substantially similar to the conditions of underground mining .......................................................... 4

2. Whether the ALJ's decision was fully supported by the record ......... 10

3. Whether the ALJ's smoking history ostensible error regarding smoking history was harmless when it had no meaningful impact on the ALJ's decision ........................................................................ 12

V. Conclusion ..................................................................................... 13

# TABLE OF AUTHORITIES

## STATUTES

28 U.S.C.A. § 41. ................................................................................... 1
30 U.S.C. § 802 ...................................................................................... 6
30 U.S.C. § 932. ..................................................................................... 1
33 U.S.C.A. § 921 .............................................................................. 1, 5, 6

## REGULATIONS

20 C.F.R. § 725.201 .............................................................................. 8
20 C.F.R. § 718.305 ........................................................................ 4, 7, 8

## CASES

*Alexander v. Freeman United Cl,* 2 BLR 1–497. Jt. App'x at 320 (ALJ).......... 5
*Antelope Coal Co. v. Goodin, 2014 WL 804008 (10th Cir. Mar. 3, 2014).* ...... 8
*Blakley v. Amax Coal Co.,* 54 F.3d 1313 (7th Cir. 1995) ................................... 8
*Chevron U.S.A. Inc. v. Nat. Resources Def. Council,* 104 S.Ct. 2778 (1984).. 6
*de la Llana-Castellon v. INS,* 16 F.3d 1093 (10th Cir. 1994)............................. 8
*Dir., OWCP v. Midland Coal Co.,* 855 F.2d 509 (7th Cir. 1988)....................... 8
*Farmers Tel. Co., Inc. v. FCC,* 184 F.3d 1241 (10th Cir. 1999) ....................... 7
*Freeman United Coal Min. Co. v. Summers,* 272 F.3d 473 (7th Cir. 2001)..... 4, 7
*Harman Min. Co. v. OWCP,* 678 F.3d 305 (4th Cir. 2012).............................. 10
*Island Creek Kentucky Mining v. Ramage,* 737 F.3d 1050(6th Cir. 2013). ..... 7
*Kanawha Coal Co. v. OWCP.* 539 Fed.Appx. 215 (4th Cir.2013).................... 7
*Mosko v. Eighty Four Mining Co.,* 2012 WL 7997361 (Nov. 9, 2012)............. 5
*Milburn Colliery Co. v. Hicks,* 138 F.3d 524 (4th Cir. 1998)............................ 10
*Nat'l Mining Ass'n v. Dep't of Labor,* 292 F.3d 849 (D.C. Cir. 2002) ............. 7
*Peabody Coal Co. v. Groves,* 277 F.3d 829, 836 (6th Cir. 2002)...................... 10
*Pittsburg & Midway Coal. v. Sanchez,* No. 00-9538 (10th Cir. 2001),............. 9
*Vision Processing, LLC v. Groves,* 705 F.3d 551, 554–55 (6th Cir.2013)....... 5

## I. JURISDICTIONAL STATEMENT

The Longshore and Harbor Workers' Compensation Act states that "[a]ny person adversely affected or aggrieved by a final order of the [Benefits Review] Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside." 33 U.S.C.A. § 921(c). Right to review under § 921 of Title 33 was incorporated into the Black Lung Benefits Act via 30 U.S.C. § 932.

The Claimant in this matter was employed and subsequently injured in the state of Ohio, which rests within the Fourth Circuit Court of Appeals' jurisdiction. 28 U.S.C.A. § 41.

## II. STATEMENT OF THE ISSUES

1. Whether evidence provided that Claimant worked for 23 years in a dusty above ground working conditions was substantially similar to the conditions of underground mining.

2. Whether the ALJ's decision was fully supported by the record.

3. Whether the ALJ's smoking history ostensible error regarding smoking history was harmless when it had no meaningful impact on the ALJ's decision.

## III. SUMMARY OF ARGUMENT

Employer Central Ohio Coal Company ["Employer"] argues that Administrative Law Judge's ["ALJ"] decision erred when it found that Claimant Larry T. Sterling's ["Claimant"] 23 years of above ground work was substantially similar to underground mining. However, the testimony from Claimant was extensive regarding the extremely dusty condition that existed in the above ground mining site. Moreover, this testimony was contradicted at hearing.

The Employer also contends that the ALJ's decision was against the weight of the evidence. This decision amounts to nothing more than a mere disagreement with the ALJ's fact-finding without any substantive argument as to how the discretionary findings were unsupported by the record.

Lastly, Employer argues that ALJ erred in its findings regarding the Claimant's smoke history. For purposes of this appeal, (and only for the purposes of appeal), the Claimant is constrained to note that this finding is irrelevant as the Benefits Review Board ["BRB"] agreed with Employer. Employer fails to brief or argue why this issue was not harmless error as the BRB found.

# IV. ARGUMENT

**II. Argument**

<u>1. Whether evidence provided that Claimant worked for 23 years in a dusty above ground working conditions was substantially similar to the conditions of underground mining.</u>

Employer argues that the ALJ erred when he found that the Claimant's work was substantially similar to underground mining. For the reasons stated below, this issue is without merit. Pursuant to 20 C.F.R. § 718.305, if a Claimant demonstrates the existence of a totally disabling respiratory or pulmonary impairment, there is a rebuttable presumption of entitlement to benefits if the miner has worked for fifteen years or more in underground coal mines or in mines with substantially similar conditions.

A Claimant needs only to prove that the Miner was exposed to a sufficient amount of coal dust; she does not need to offer evidence of underground conditions for comparison. *Freeman United Coal Min. Co. v. Summers*, 272 F.3d 473, 479 (7th Cir. 2001). It is then the function of the ALJ, based on his or her expertise and certain objective factors to compare the surface mining conditions established to conditions known to prevail in underground mines. *Id.*

One Sixth Circuit Court of Appeals case as spoken on the issue of related above ground work in an underground site. It is instructive in this regard.

Congress reinstated the fifteen-year rebuttable presumption by striking the last sentence of § 411(c)(4) of the Black Lung Benefits Act ("BLBA"), 30 U.S.C. § 921(c)(4). *See* PPACA, Pub.L. No. 111–148, § 1556(a). That stricken sentence had said, "[t]he provisions of this paragraph shall not apply with respect to claims filed on or after the effective date of the Black Lung Benefits Amendments of 1981." *Vision Processing, LLC v. Groves*, 705 F.3d 551, 554–55 (6th Cir.2013) (internal quotation marks omitted). Therefore, under the revived provision, "if a miner was employed for fifteen years or more in one or more underground coal mines" and "demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis." 30 U.S.C. § 921(c)(4). The presumption also applies to any miner where the Secretary of the Department of Labor "determines that conditions of [that] miner's employment in a coal mine other than an underground mine were substantially similar to conditions in an underground mine." *Id.*

Based on Ramage having worked for five years underground and twenty-three years on the surface of Island Creek's underground coal mining operation, the ALJ determined that Ramage did qualify for this rebuttable presumption. Jt. App'x at 320 (ALJ Dec. at 17). The ALJ relied on the Board's decision in *Alexander v. Freeman United Coal Mining Co.*, 2 BLR 1–497. Jt. App'x at 320 (ALJ Dec. at 17). In that case, the Board interpreted the Act and concluded that "the type of mine (underground or surface), rather than the location of the particular worker (surface or below the ground), is the element which determines whether a claimant is required to show comparability of conditions." *Alexander*, 2 BLR at 1–502. In affirming this determination, the Board agreed that Ramage was not required to show substantially similar conditions even though he was an aboveground worker in an underground coal mine and cited *Muncy*, 2011 WL 6140705. Jt. App'x at 338 (Bd. Dec. at 4).

Island Creek makes two arguments for why this determination ought be overturned. First, in its opening brief, Island Creek argues that the Board has reversed itself in *Mosko v. Eighty Four Mining Co.*, BRB No. 10–0672 BLA, 2012 WL 7997361 (Nov. 9, 2012) *(en banc)*.[2] Second, after being presented by the respondents with the argument that the BLBA's implementing regulations define an underground coal mine to include the location where Ramage worked, Island Creek argues that such regulations are an unreasonable construction of the statute.

5

The relevant statutory provision reads in whole:

[I]f a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's, his widow's, his child's, his parent's, his brother's, his sister's, or his dependent's claim under this subchapter and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, that his death was due to pneumoconiosis, or that at the time of his death he was totally disabled by pneumoconiosis. In the case of a living miner, a wife's affidavit may not be used by itself to establish the presumption. The Secretary shall not apply all or a portion of the requirement of this paragraph that the miner work in an underground mine where he determines that conditions of a miner's employment in a coal mine other than an underground mine were substantially similar to conditions in an underground mine. The Secretary may rebut such presumption only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine. 30 U.S.C. § 921(c)(4). After notice-and-comment rulemaking, the Department of Labor has defined an "underground coal mine" as "a coal mine in which the earth and other materials which lie above and around the natural deposit of coal (i.e., overburden) are not removed in mining; including all land, structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations and other property, real or personal, appurtenant thereto." 20 C.F.R. § 725.101(a)(30). This definition, as long as it is a permissible one, clearly supports a finding that Ramage worked in an underground coal mine because it is undisputed that he worked for twenty-three years on the surface of an underground coal mine.

We must accept the agency's definition of an underground coal mine as long as Congress has not spoken directly on the issue and the agency's interpretation is reasonable. *Chevron U.S.A. Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Here, Congress has not explicitly defined the term "underground coal mine." The interpretation that it includes the land and structures above is reasonable in light of Congress's definition of a "coal mine." *See* 30 U.S.C. § 802(h)(2) (defining a "coal mine" to

6

include "an area of land and all structures, facilities, ... and other property, real or personal, placed upon, under, or above the surface of such land"³). Therefore, we conclude that no showing of comparability of conditions is necessary for an aboveground employee at an underground coal mine. *See Kanawha Coal Co. v. Director, Office of Workers' Compensation Programs*, No. 12–2566, 539 Fed.Appx. 215, 216–18, 2013 WL 4828724, at *1–2 (4th Cir.2013) (approving on *Chevron* grounds the Department of Labor's interpretation). Consequently, the ALJ's conclusion, affirmed by the Board, that Ramage is entitled to the fifteen-year presumption was proper.

*Island Creek Kentucky Mining v. Ramage*, 737 F.3d 1050, 1056-59, 2013 WL 6607677 (6th Cir. 2013). A new Tenth Circuit case was decided recently and explains the new changes in regulation as it applies to the "substantially" similar provision.

The relevant provisions concern (1) how to establish the 15-year presumption by showing above-ground mining conditions are substantially similar to underground mine conditions, 20 C.F.R. § 718.305(b)(2), and (2) how to rebut the presumption, 20 C.F.R. § 718.305(d)(1).14 These provisions apply because they do not change existing law and are substantially consistent with prior regulations and agency practices. *See Nat'l Mining Ass'n v. Dep't of Labor*, 292 F.3d 849, 859 (D.C. Cir. 2002); *Farmers Tel. Co., Inc. v. FCC*, 184 F.3d 1241, 1250 (10th Cir. 1999) (stating an interpretive rule may operate retrospectively when it "merely clarifies or explains existing law or regulations"). "If a new regulation is substantively consistent with prior regulations or prior agency practices, and has been accepted by all Courts of Appeals to consider the issue, then its application to pending cases" is proper. *Nat'l Mining*, 292 F.3d 860. Here, neither provision changes the substantive law because each merely clarifies the Department's position and conforms to circuit court cases. Section 718.305(b)(2) addresses when a surface miner's working conditions are substantially similar to underground mining working conditions. The only circuit to address this issue has long held that surface miners do not need to provide evidence of underground mining conditions to compare with their own working conditions. *See, e.g., Freeman United*

7

> *Coal Mining Co. v. Summers*, 272 F.3d 473, 479 (7th Cir. 2001); *Blakley v. Amax Coal Co.*, 54 F.3d 1313, 1319 (7th Cir. 1995); *Dir., OWCP v. Midland Coal Co.*, 855 F.2d 509, 512 (7th Cir. 1988). These decisions validate the Department's longstanding position that consistently dusty working conditions are sufficiently similar to underground mining conditions. *See, e.g., Midland Coal*, 855 F.2d at 511-12. The revised regulation codifies that interpretation by making regular exposure to coal mine dust the standard to determine substantial similarity of surface working conditions to those in underground mines. *See* 20 C.F.R. § 718.305(b)(2). Similar reasoning applies to revised § 718.305(d)(1), which outlines the permissible methods of rebutting the 15-year presumption. The changes to § 718.305(d)(1) also comport with the Department's ongoing interpretation and do not substantively change the law. The original regulation required, for rebuttal, proof the disability did not arise from coal mine employment. 15 *See, e.g., Blakley*, 54 F.3d 1313 at 1319. The revised regulation requires proof that pneumoconiosis, as defined in the statute, did not cause any part of the disability. *See* 20 C.F.R. § 718.305(d)(1). Because the statute defines pneumoconiosis as "arising out of coal mine employment," *see* 20 C.F.R. § 718.201(a), the practical effect of the revised rule is the same, and it therefore applies to this case.

*Antelope Coal Co./Rio Tinto Energy Am. v. Goodin*, ---, F.3d ---, ---, 12-9590, 2014 WL 804008 (10th Cir. Mar. 3, 2014).

ALJs are imputed with knowledge of the coal mine industry. The ALJ can consider what he knows about the jobs of vehicle operators in his decisions. In an unpublished decision, the Tenth circuit stated the following in regards to job descriptions of coal miners.

> We note, however, that the requirements of a particular coal mine job might be a proper subject of official notice as a fact within the agency's expertise. See *de la Llana-Castellon v. INS*, 16 F.3d 1093, 1096 (10th Cir. 1994). Petitioners do not contend that the ALJ's characterization of [miner]'s former work as strenuous and beyond his capabilities was

8

incorrect, nor do they indicate that they could have presented evidence rebutting this finding.

*Pittsburg & Midway Coal Mining Co. v. Sanchez*, No. 00-9538 (10th Cir. 2001), www.oalj.dol.gov/PUBLIC/BLACK_LUNG/Decisions/COURT_DECISIONS/00_9538.HTM. Just as in the *Sanchez* case, Employer does not dispute the miner's job description or indicate whether it could obtain and present evidence to rebut the finding. The *Midland Coal* case also supports the notion that ALJs are imputed with knowledge of job descriptions. 855 F.2d at 512-13, *supra*, (stating that jobs located near tipples are "known to be very dusty").

Claimant worked in the coal mining for 23 years. Tr. 11-12. Prior to working for Employer, Claimant worked as a general laborer in a strip mine and auguring coal. Tr. 15-16. With Employer, Claimant worked as a dozer operation, which included cleaning and maintaining the dozer which involved climbing all over the equipment. Tr. 16-17. It is undisputed that all of Claimant's work took place above-ground. The work was very dusty to such a degree that Claimant's clothes would be covered in dust, grease, an oil. TR. 30.

This testimony coupled with the ALJ's independent knowledge of the coal-mining industry and the lack of any contradictory testimony clearly establishes significant coal dust exposure over a 23 year period. This evidence meets the requisite burden of proof and the ALJ fully supported his decision with factual

9

analysis in contradiction of Employer's brief. Accordingly, this issue is without merit.

## 2. Whether the ALJ's decision was fully supported by the record.

As fact-finder, the administrative law judge is granted broad discretion in assessing the relative probative value of the medical opinion evidence and the Board cannot substitute its determinations for those rendered by the administrative law judge. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 21 BLR 2-323 (4th Cir. 1998).

> In black lung cases, our review of the Board's order is limited. We review the decision "to assess whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the Board and ALJ are rational and consistent with applicable law. As in all agency cases, we must be careful not to substitute our judgment for that of the ALJ. Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. Because the ALJ is the trier of fact, we defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions. As long as substantial evidence supports an ALJ's findings, we must sustain the ALJ's decision, even if we disagree with it. We review the legal conclusions of the Board and the ALJ de novo.

*Harman Min. Co. v. Dir., Office of Workers' Comp. Programs*, 678 F.3d 305, 310 (4th Cir. 2012). Issues of credibility are left within the sole discretion of the ALJ and cannot be disturbed on appeal. *See, Peabody Coal Co. v. Groves*, 277 F.3d 829, 836 (6th Cir. 2002).

This appellate issue, amount to a simple disagreement with the ALJ and utterly fails to cite and understand the appropriate standard and scope of review on appeal.

In his decision, the ALJ fully explained the reasoning for discrediting the testimony at hearing.

As stated more fully by the benefits review board.

> The Administrative Law judge acted within his discretion as fact-finder in giving greater weight to Dr. Ahmed's positive reading of the March 29, 2007 x-ray because he is a Board-certified radiologist. Although Dr. Fox is a Board-certified in Nuclear medicine, he is not Board-certified radiologist, and employer had no provided any reasoning for why Dr. Fox's certification by the American Board of Nuclear Medicine would entitle this x-ray interpretation to additional weight. In addition, because the Untitled States Court of Appeal for the Sixth Circuit has held that the "later evidence" rule applies only when newer evidence demonstrates worsening of a miner's condition consistent with the existence of pneumoconiosis, we reject employer's argument that the May 11, 201 x-ray is entitled to greatest weight. Consequently, we affirm the administrative law judge's determination that employer failed to establish the absence of clinical pneumoconiosis by the x-ray evidence as it was inconclusive.

*Sterling v. Central Coal*, BRB 12-0285 BLA pg. 7. (BRB February 2013). Moreover, the ALJ properly acted within his discretion when he discredited the opinion of Dr. Grodner and Rosenberg as their opinions were against DOL regulations and the statutory preamble. *Id.* At 8-9. Accordingly, Employer's argument is without merit.

### 3. Whether the ALJ's smoking history ostensible error regarding smoking history was harmless when it had no meaningful impact on the ALJ's decision.

The Employer, at length, describes how the ALJ erred with regard to his analysis regarding the smoking history of the Claimant. Strangely, the Employer fails to address the BRB's decision in support of this view. Indeed, the BRB agreed with the Employer that the ALJ failed to adequately explain his finding of the Claimant's pack history. *Sterling v. Central Coal*, BRB 12-0285 BLA pg. 5-6. (BRB February 2013).

The Benefits Review Board correctly concluded that the ALJ redundantly found that the physician's evidence was not credible. Accordingly, this issue is without merit.

## CONCLUSION

Based on the foregoing, Claimant respectfully requests that the award of benefits be affirmed.

<div style="text-align: right;">

Respectfully submitted,

/s Heath M. Long
Heath M. Long, Esquire
PAWLOWSKI, BILONICK, & LONG
Attorney for Claimant

</div>


## CERTIFICATE OF SERVICE

I, hereby certify, that on March 18, 2014, using the Court's CM/ECF system, the foregoing Brief of Respondent was filed with this Court and served on the following:

Leonard Green, Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH  45202-3988

William S. Mattingly, Esquire
Jackson Kelly, PLLC
150 Clay Street, PO Box 619
Suite 500
Morgantown, WV  26501
*wmattingly@jacksonkelly.com*

Helen H. Cox, Esquire
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
*cox.helen@dol.gov*

Respectfully Submitted,

/s/Heath M. Long, Esquire
Pawlowski, Bilonick & Long
603 N. Julian Street, PO Box 658
Ebensburg, PA  15931
(814)472-7046